IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| ELIZABETH BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  7:10-cv-213 |
| vs. ) | |
| ) | |
| MIDLAND CREDIT MANAGEMENT ) | **JURY DEMAND ENDORSED HEREON** |
| INC., ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT

NOW COMES the Plaintiff, ELIZABETH BROWN, by and through her attorney, M. LYNETTE HARTSELL, and for her Complaint against the Defendant, MIDLAND CREDIT MANAGEMENT, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Wilmington, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a corporation of the State of Kansas, which is licensed to do business in North Carolina and which has its principal place of business in San Diego, California.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. During the calendar year of 2010, Defendant's representatives and/or employees began contacting Plaintiff by telephone in regard to a debt allegedly owed by an individual named Elizabeth Brown.

8. Defendant's employees did not verify that they had located the actual person who owed the alleged debt and only verified that they were speaking with a person named "Elizabeth Brown."

9. Defendant's employees and/or representatives stated to Plaintiff that the alleged debt stemmed from a credit card associated with Wal-Mart.

10. Plaintiff acknowledged that she owed a debt associated with Wal-Mart credit card and thereafter made several payments to Defendant totaling at least two hundred seventy-five Dollars ($275.00) towards the alleged debt.

11. On or about June 1, 2010, Plaintiff realized that she was making payments for two different Wal-Mart credit cards, and that one of the credit cards belonged to a different person also named Elizabeth Brown.

12. On or about June 2, 2010, Plaintiff contacted Defendant by telephone, notified Defendant's representatives and/or employees of the error and asked for the return of the payments that had been erroneously made.

13. On or about June 3, 2010, Plaintiff mailed a letter to Defendant disputing that she owed the alleged debt. Plaintiff also requested verification of the alleged debt, and again requested the return of the payments that had been erroneously made.

14. To date, Defendant has refused to return the erroneously made payments.

15. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    b. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

    c. Using an unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f; and

d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

16. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer loss of income, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ELIZABETH BROWN, respectfully prays for a judgment against Defendant as follows:

a. Return of all sums paid to Defendant for the debt, which is not the responsibility of Plaintiff;

b. Statutory damages of $1,000.00 for each violation of the FDCPA;

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Prohibited Practices by Collection Agencies

Engaged in the Collection of Debts from Consumers Statute)

17. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

18. In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways

a. Falsely representing the character, amount and/or legal status of the debt, in violation of N.C. Gen. Stat. § 58-70-110(4); and

b. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with North Carolina law.

19. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer loss of income, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ELIZABETH BROWN, respectfully prays for a judgment against Defendant as follows:

a. Return of all sums paid to Defendant for the debt, which is not the responsibility of Plaintiff;

b. Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

d. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

6

        Respectfully Submitted,

        /s/ M. Lynette Hartsell
        M. Lynette Hartsell (9845)
        Attorney for Plaintiff
        1010 Lakeview Drive
        Cedar Grove, NC 27231
        (888) 493-0770, ext. 305 (phone)
        (866) 551-7791 fax
        Lynette@LuxenburgLevin.com